UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JEFFREY SCHNEIDER,

                             **Plaintiff,**

                -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT AND DET. IRWIN NOAK,

                            **Defendants.**

------------------------------------------------------------------------ x

**ANSWER OF DEFENDANTS CITY OF NEW YORK AND THE NEW YORK CITY POLICE DEPARTMENT**

08 Civ. 1600 (JSR)

**JURY TRIAL DEMANDED**

        Defendants City of New York ("City") and the New York City Police Department ("NYPD"), by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows.[1]

        1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed and purports to seek relief as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the complaint.

        3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

        4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

---

[1] Upon information and belief, and after a review of the docket sheet, individually named defendant Irwin Noak has not yet been served in this matter.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that individually named defendant Irwin Noak is employed by the City of New York as a Detective with the New York City Police Department.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that individually named defendant Irwin Noak is employed by the City of New York as a Detective with the New York City Police Department.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that the City of New York is a municipal corporation, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between defendant City of New York and the New York City Police Department.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. In response to the allegations set forth in paragraph "16" of the complaint, defendants City and NYPD repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint, except admit that plaintiff purports to seek relief as stated therein.

21. In response to the allegations set forth in paragraph "21" of the complaint, defendants City and NYPD repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint, except admit that plaintiff purports to seek relief as stated therein.

25. In response to the allegations set forth in paragraph "25" of the complaint, defendants City and NYPD repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint, except admit that plaintiff purports to seek relief as stated therein.

30. In response to the allegations set forth in paragraph "30" of the complaint, defendants City and NYPD repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

31. Deny the allegations set forth in paragraph "31" of the complaint, and further deny that "Chenier Momprenier" is a named plaintiff in this action.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint, except admit that plaintiff purports to seek relief as stated therein.

36. State that the allegations set forth in paragraph "36" of the complaint do not contain averments of fact to which a response is required.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

37. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

38. Defendants City and NYPD have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

39. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendants City and NYPD have governmental immunity from liability.

- 5 -

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

40. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of defendants City or NYPD.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

41. There was probable cause for plaintiff's arrest and prosecution.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

42. Plaintiff provoked any incident.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

43. Plaintiff has failed to comply with New York General Municipal Law §§ 50-e and 50-i.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

44. Plaintiff's claims are barred, in part, by the applicable statute of limitations.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

45. Punitive damages cannot be assessed against the City of New York.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

46. The New York City Police Department is not a suable entity.

**WHEREFORE,** defendants City of New York and the New York City Police Department request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            May 2, 2008

                                             MICHAEL A. CARDOZO
                                             Corporation Counsel of the
                                               City of New York
                                             Attorney for Defendants City and NYPD
                                             100 Church Street
                                             New York, New York 10007
                                             (212) 788-0906

                                          By:         /s/
                                                    Shawn D. Fabian (SF4606)
                                                    Assistant Corporation Counsel
                                                    Special Federal Litigation Division

To:    Stuart Birbach, Esq. (By ECF)
        *Attorney for Plaintiff*
        15 West 44th Street, 12th Floor
        New York, New York 10036